## In re Garrick Building & Loan Association

*Saul, Ewing, Remick & Saul,* for petitioner.
*John C. Bell,* contra.

FINLETTER, P. J., November 20, 1940.—A judgment creditor of the building association, which had passed into the hands of the Secretary of Banking after the entry of the judgment, petitions for leave to revive the judgment.

Among the assets of the association were certain parcels of real estate upon which the judgment was, and still is, a lien. In the administration of the estate by the secretary the latter acquired certain other parcels of real estate.

The secretary is fearful that a revival of the judgment might affect the after-acquired real estate, i. e., give petitioner's judgment a lien upon the after-acquired real estate. On the other hand, petitioner wishes to retain the lien of his judgment against the real estate which had passed into the ownership of the secretary by virtue of his appointment as receiver.

The Department of Banking Code of May 15, 1933, P. L. 565, sec. 712, is cited by the secretary. It provides

in effect that no new lien may be created against the fund after possession is taken by the secretary.

In our opinion, the proceedings to revive petitioner's judgment do not create a *new* lien, either against the real estate upon which it was a lien when the secretary took possession, or against the after-acquired real property. Mr. Justice Stewart is quite explicit upon the subject in his opinion in Scott et al. v. Waynesburg Brewing Co., 256 Pa. 158. The revival proceedings do not create a new lien, but, as the phrase indicates, the revival of the existing lien. The provisions of the Department of Banking Code supra, sec. 712, expressly forbid the creation of a new lien; so that the decision in the Scott case and the statute both result in the conclusion that a new lien may not be acquired against the after-acquired real estate.

The question remains whether or not petitioner's judgment need be revived while the assets are in the hands of a receiver.

Mr. Justice Stewart held, in the case above cited, that a revival was needed to preserve the lien, because the statutes in existence at the time he wrote were explicit on the subject, and that equitable consideration could not be invoked in the face of the statutory provisions. Equity must follow the statutory law.

Since that decision however, there has been further statutory provision, that is section 712 of the Department of Banking Code, supra, which affects the subject of liens, as follows:

"Section 712. Liens, Judgments, and Executions; Assignments of Claims.—A. The status of all parties shall become fixed on the date the secretary takes possession of the business and property of the institution, as receiver."

The title of the section which includes "liens" shows that the legislature had in mind the situation which now confronts us. This statute, as we have said, was not in force when Scott et al. v. Waynesburg Brewing Co., supra, was decided. In holding that revival of petitioner's judgment need not be made during the possession of the

receiver, we believe we are following Mr. Justice Stewart's ruling in that case. We, therefore, refuse the petition because in our opinion revival is not necessary.